UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KATIA L. KING<br>On behalf of herself and all others<br>similarly situated,<br><br>    Plaintiff,<br>v.<br><br>CJ'S FIRST WOK, INC.<br>21051 Euclid Ave<br>Cleveland, Ohio 44117<br><br>  c/o Its Statutory Agent<br>  Jiang Chen<br>  22502 Chardon Road<br>  Euclid, OH 44117<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br>**PLAINTIFF'S CLASS ACTION**<br>**COMPLAINT**<br><br>**[Jury Demand Endorsed Hereon]** |

Plaintiff Katia L. King, through counsel, for her Complaint against Defendant CJ's First Wok, Inc., states and alleges the following:

## INTRODUCTION

1. This is an action to redress violations of the Fair and Accurate Credit Transactions Act, codified in the Fair Credit Reporting Act as 15 U.S.C. §1681c(g).

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under pursuant to 28 U.S.C. §1331 and 15 U.S.C. §§1681, et seq.

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to this action occurred here.

## PARTIES

4. At all times relevant, Plaintiff Katia L. King was a citizen of the United States and resident of South Euclid, Ohio.

5. Defendant CJ's First Wok, Inc. ("First Wok") is an Ohio corporation with its principal place of business at 21051 Euclid Ave, Cleveland, Ohio 44117. According to records maintained by the Ohio Secretary of State, First Wok's statutory agent for service of process is Jiang Chen, 22502 Chardon Road, Euclid, OH 44117.

## BACKGROUND AND FACTS

### The Federal Fair and Accurate Credit Transactions Act

6. Congress passed the Fair and Accurate Credit Transactions Act ("FACTA"), in 2003. FACTA is codified in the Fair Credit Reporting Act as 15 U.S.C. §1681c(g).

7. President George W. Bush issued a statement that accompanied his signing of the bill, declaring in pertinent part that: "This bill … confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

8. FACTA's key provision is a truncation requirement stating that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. §1681c(g).

### Defendant's Violations of FACTA

9. This class action challenges precisely the type of conduct Congress sought to prevent through its enactment of FACTA.

10. FACTA's truncation provision "establishes a procedural requirement to ensure that consumers can use their credit and debit cards without incurring *an increased risk* of identity theft." *Jeffries v. Volume Services America, Inc.*, 928 F. 3d 1059, 1066-67 (D.C. Cir. 2019) (emphasis by the court). Congress has determined that "proper truncation of the card number, … as required by [FACTA], … prevents a potential fraudster from perpetrating identity theft or credit card fraud." *Id*. at 1066 (quoting Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241, § 2(a)(6), 122 Stat. 1565).

11. Defendant First Wok has willfully disregarded FACTA's truncation requirement, injuring Plaintiff and other class members.

12. On September 20, 2019, Plaintiff Katia L. King placed a pick-up order for Chinese food from Defendant First Wok in Euclid, Ohio. She placed the order through "Chinese Menu Online," a sales and billing system utilized by First Wok. "Chinese Menu Online" is a web-based computer application created by Obento Limited, a Hong Kong company.

13. Upon receiving Plaintiff's order, First Wok printed an order form and sales receipt using the "Chinese Menu Online" sales and billing system. The form identified "First Wok – Euclid" as the retailer and indicated that the order had been made "[f]rom Chinese Menu Online."

14. First Wok attached the printed order form and sales receipt to Plaintiff's food order and provided it to her when she picked up the food. Prior to her pick-up, the printed form was visible to various persons in and around the place of business, including both employees and customers.

15. The printed order form and sales receipt stated Plaintiff's full name, identifying her as "Card Holder." The printed form further contained Plaintiff's complete credit card number, the card's expiration date, its security CCV code, and even the billing zip code associated with Plaintiff's credit card.

16. Defendant's printing of order forms and sales receipts containing such nonpublic credit card information deprived Plaintiff and other class members of the risk-prevention benefits of proper truncation accorded by FACTA and recklessly exposed them to fraud, unauthorized use, and identity theft.

17. Within days after Defendant's printing of the order form and sales receipt containing non-truncated information from Plaintiff's credit card, attempts were made to make unauthorized charges on her account.

**Willfulness of Defendant's FACTA Violations**

18. Congress gave merchants who accept credit cards and/or debit cards up to three years to comply with FACTA's requirements, requiring full compliance with its provisions no later than December 4, 2006.

19. Defendant knowingly and/or recklessly disregarded FACTA's truncation requirement in printing order forms and sales receipts containing non-truncated information from Plaintiff's and other class members' credit cards.  At the time of the actions giving rise to this case, Defendant had almost 13 years to comply with FACTA and yet failed to do so.  Defendant was also contractually required by credit card companies to truncate credit card numbers when printing receipts.

## CLASS ACTION ALLEGATIONS

20. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Plaintiff brings this case as a class claim pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a proposed Class defined as:  All customers of CJ's First Wok, Inc. for whom First Wok printed order forms and sales receipts containing non-truncated credit card information.

22. The class is so numerous that joinder of all class members is impracticable. Plaintiff does not yet know the precise number of participants who comprise the class, but believes and therefore avers that the number is well in excess of 100.  The number of class members as well as their identities are ascertainable from records maintained by Defendant.

23. There are questions of law or fact common to the class. The common questions include whether First Wok printed order forms and sales receipts containing non-truncated information from Plaintiff's and other class members' credit cards and whether doing so violated FACTA.

24. Plaintiff's claims are typical of the claims of other members of the class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

25. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including class actions under the Fair Credit Reporting Act, and are fully qualified to prosecute the claims of the proposed class in this case.

26. The questions of law or fact that are common to the class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class members, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members. These issues are readily determinable on a classwide basis.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense,

and risk of pursuing their claims individually.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE

28. Plaintiff incorporates the paragraphs above as if fully rewritten herein.

29. FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."  15 U.S.C. §1681c(g).

30. Defendant willfully violated FACTA by printing order forms and sales receipts containing non-truncated information from Plaintiff's and other class members' credit cards.

31. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff and other class members for statutory damages of between $100 and $1,000 per violation, as well as attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. an Order certifying this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other class members;

B. an Order awarding statutory damages as provided by FACTA;

C. an Order awarding attorneys' fees pursuant to … and other applicable law;

D. an Order for equitable restitution and other appropriate equitable and injunctive relief against the Defendant; and

E. such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
4106 Bridge Ave.
Cleveland, Ohio 44113
216-308-1522
scott@tittlelawfirm.com

 s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

Counsel for Plaintiff

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
Counsel for Plaintiff